KM

WO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brad Elliout Porter, | No.    CV-24-01364-PHX-JAT (ASB) |
| Plaintiff, | |
| v. | **ORDER** |
| Laura J. Giaquinto, et al., | |
| Defendants. | |

Self-represented Plaintiff Brad Elliout Porter, who is confined in a Maricopa County Jail, has filed a civil rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis (Doc. 2). The Court will dismiss the Complaint with leave to amend.

## I.    Application to Proceed In Forma Pauperis and Filing Fee

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $6.73. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

. . . .

JDDL-K

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe [self-represented litigant's] filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a self-represented prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a self-represented litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). The Court will dismiss Plaintiff's Complaint for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**III.    Complaint**

In his three-count Complaint, Plaintiff sues Maricopa County Superior Court Judicial Commissioner Laura J. Giaquinto, the Inmate Legal Services (ILS) Coordinator, and the Lower Buckeye Jail Grievance Coordinator. Plaintiff seeks money damages.

In Count One, Plaintiff alleges violations of his due process rights. Plaintiff claims that on April 17, 2024, Defendant Giaquinto declared Plaintiff a self-represented criminal defendant, removed Plaintiff's counsel from his criminal case, and appointed the Office of Public Defender Services as advisory counsel "without specifying if OPDS should appoint new advisory [counsel]." Plaintiff claims this "places a burden on whom [he] would ask for the necessary questions [he needs] answered before submitting motions or asking for minute entries." Plaintiff further claims Defendant Giaquinto delayed in updating the system to remove Plaintiff's counsel until April 29, 2024, meaning Plaintiff had only one day to prepare motions that were due on May 1, 2024. Plaintiff claims Defendant Giaquinto "forced a default."

In Count Two, Plaintiff claims Defendant ILS Coordinator "has been continuously late processing documents and abusing [their] discretion as to which documents are correct or incorrect submittals." Plaintiff claims ILS "can be very finicky . . . and confusing [for] inmates needing legal information, supplies, research or assistance." Plaintiff contends "this causes many error and default judgments, making it very hard for justice to be served." As his injury, Plaintiff states, "default judgment entered because delay in processing documents/motions" and "high anxiety, lack of sleep, mild depression, experiencing very high mental health issues."

In Count Three, Plaintiff alleges Defendant Grievance Coordinator has denied his due process rights by failing to properly process grievances. Plaintiff states he has two unanswered paper grievances and three grievances on his tablet "that got closed even when [he] escalated them." He claims one grievance did not receive a response for 30 to 45 days, and one has been pending since March. Plaintiff asserts detention officers walk past his forms "for days" and some refuse to give their badge numbers. Plaintiff contends this "makes this very unsafe, makes it hard to ask for help or get understanding on an issue."

## IV.   Failure to State a Claim

### A.   Count One

First, Defendant Giaquinto is absolutely immune from suit under § 1983. Judges are immune except for acts *not* taken in their judicial capacity or taken in the absence of all jurisdiction. *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006); *Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000). Immunity attaches even if the act was erroneous or injurious, and irrespective of the judge's motivation, *Harvey*, 210 F.3d at 1012 (citing *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985)), and even if the judge is accused of making grave errors of law or procedure. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). Regardless of the judge's status in the judicial hierarchy, a judge has absolute immunity for acts performed in the judge's official capacity. *Tanner v. Heise*, 879 F.2d 572, 577-78 (9th Cir. 1989) (magistrate); *Brewer v. Blackwell*, 692 F.2d 387, 396 (11th Cir. 1982) (justice of the peace); *O'Neill v. City of Lake Oswego*, 642 F.2d 367 (9th Cir. 1981) (*pro tem* municipal judge). Accordingly, Plaintiff has failed to state a claim against Defendant Giaquinto.

Further, to the extent Plaintiff challenges the validity of his ongoing criminal proceedings, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. The *Younger* doctrine espouses a "strong federal policy against federal-court interference with pending state judicial proceedings, absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar*

1  *Assoc'n,* 457 U.S. 423, 431 (1982).  "The policy rests on notions of comity and respect for
2  state functions and was born of the concern that federal court injunctions might unduly
3  hamper state criminal prosecutions."  *Champion Int'l Corp. v. Brown,* 731 F.2d 1406, 1408
4  (9th Cir. 1984) (citing *Younger,* 401 U.S. at 44).

5  In deciding whether *Younger* abstention applies, the Ninth Circuit applies the three-
6  pronged test outlined by the Supreme Court in *Middlesex:* (1) the state proceedings are
7  ongoing, (2) the proceedings implicate important state interests, and (3) the state
8  proceedings provide an adequate opportunity to raise federal questions.  *Fresh Int'l Corp.*
9  *v. Agric. Labor Relations Bd.*, 805 F.2d 1353, 1357–58 (9th Cir. 1986) (citing *Middlesex,*
10  457 U.S. at 432).

11  In this case, each of the three requirements are met: Plaintiff's criminal proceedings
12  are ongoing; the proceedings implicate important state interests in the prosecution of
13  criminal activity; and Plaintiff has the opportunity in his state criminal proceedings to raise
14  claims relating to his Sixth Amendment right to counsel.  Accordingly, abstention in this
15  case is appropriate and the Court will dismiss Count One without prejudice.

16  **B.    Count Two**

17  Plaintiff claims in Count Two that his due process rights are violated by Defendant
18  ILS Coordinator's delays in processing inmate legal documents and by confusing
19  procedures.  Although not clear, it appears Plaintiff is attempting to raise an access-to-
20  courts claim.

21  The right of meaningful access to the courts prohibits officials from actively
22  interfering with inmates' attempts to prepare or file legal documents.  *Lewis v. Casey*, 518
23  U.S. 343, 350 (1996).  The right of access to the courts is only a right to bring petitions or
24  complaints to federal court and not a right to discover such claims or even to litigate them
25  effectively once filed with a court.  *Id.* at 354.  The right "guarantees no particular
26  methodology but rather the conferral of a capability–the capability of bringing
27  contemplated challenges to sentences or conditions of confinement before the courts."  *Id.*
28  at 356.

As a matter of standing, for an access-to-courts claim, a plaintiff must show that he suffered an "actual injury" with respect to contemplated litigation. *Id*. at 349. To show actual injury with respect to contemplated litigation, the plaintiff must demonstrate that the defendants' conduct frustrated or impeded him from bringing to court a nonfrivolous claim that he wished to present. *Id*. at 352-53.

"[T]he injury requirement is not satisfied by just any type of frustrated legal claim." *Id*. at 354. The right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id*. at 355. The nonfrivolous claim must be a direct or collateral attack on the inmate's sentence or a challenge to the conditions of his confinement. *Id*. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*. (emphasis in original).

Plaintiff's allegation that a "default judgment was entered" because of processing delays is too vague to state a claim. Plaintiff does not identify the case or court in which default judgment was entered, nor has he alleged any relevant dates such as filing deadlines, when he submitted documents to ILS for filing with the courts, or when or if he filed a motion for extension of time. Accordingly, Plaintiff has failed to state a claim in Count Two.

### C.   Count Three

In Count Three, Plaintiff claims his due process rights are violated by detention staff's failure to properly process his grievances. Prisoners have a First Amendment right to file prison grievances, *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005), but "[t]here is no legitimate claim of entitlement to a grievance procedure," Mann *v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), and the failure to follow grievance procedures does not give rise to a due process claim. *See Flournoy v. Fairman*, 897 F. Supp. 350, 354 (N.D. Ill. 1995) (jail grievance procedures did not create a substantive right enforceable under § 1983); *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986) (violations of grievance

system procedures do not deprive inmates of constitutional rights).  "[N]o constitutional right was violated by the defendants' failure, if any, to process all of the grievances [plaintiff] submitted for consideration."  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).  In addition, "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials. Moreover, the First Amendment's right to redress of grievances is satisfied by the availability of a judicial remedy."  *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003); *see also Ashann-Ra v. Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) (failure to comply with state's grievance procedure is not actionable under § 1983 and does not compromise an inmate's right of access to the courts).  Accordingly, Plaintiff has failed to state a claim in Count Three.

**V.   Leave to Amend**

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice

is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**VI.    Warnings**

    **A.    Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

    **B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C.    Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

    **D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d

at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $6.73.

(3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 20th day of August, 2024.

James A. Teilborg
Senior United States District Judge

JDDL-K

- 9 -

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.  The total fees for this action are $455.00 ($350.00 filing fee plus $55.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  *See* LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Unless you are an inmate housed at an Arizona Department of Corrections facility that participates in electronic filing, mail the original and one copy of the complaint with the $455 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 12/1/23

<u>Phoenix & Prescott Divisions</u>:          **OR**          <u>Tucson Division</u>:
U.S. District Court Clerk                                            U.S. District Court Clerk
U.S. Courthouse, Suite 130                                    U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10                  405 West Congress Street
Phoenix, Arizona   85003-2119                            Tucson, Arizona   85701-5010

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
        A certificate of service should be in the following form:

        I hereby certify that a copy of the foregoing document was mailed
        this _____ (month, day, year) to:
        Name:   _____
        Address:_____
                        Attorney for Defendant(s)

        _____
        (Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed.**   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   Completing the Civil Rights Complaint Form.

**HEADING:**

1.   Your Name.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.   Defendants.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

3.   Jury Demand.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.   Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

2.   Location.   Identify the institution and city where the alleged violation of your rights occurred.

3.   Defendants.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.   You must identify which civil right was violated.   **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.   **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)


                    Plaintiff,

v.                                                    CASE NO. _____
                                                              (To be supplied by the Clerk)
(1) _____ ,
(Full Name of Defendant)
                                                      **CIVIL RIGHTS COMPLAINT**
(2) _____ ,                      **BY A PRISONER**

(3) _____ ,
                                                      ☐ Original Complaint
(4) _____ ,               ☐ First Amended Complaint
                                                      ☐ Second Amended Complaint
                    Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

## A.   JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
      ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
      ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
      ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

Revised 12/1/23                              1                              **550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.   The first Defendant is employed
as: _____ at _____.
<span>          (Position and Title)                                    (Institution)</span>

2.   Name of second Defendant: _____.   The second Defendant is employed as:
as: _____ at _____.
<span>          (Position and Title)                                    (Institution)</span>

3.   Name of third Defendant: _____.   The third Defendant is employed
as: _____ at _____.
<span>          (Position and Title)                                    (Institution)</span>

4.   Name of fourth Defendant: _____.   The fourth Defendant is employed
as: _____ at _____.
<span>          (Position and Title)                                    (Institution)</span>

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.   First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

    b.   Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

    c.   Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.   CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities     ☐ Mail     ☐ Access to the court    ☐ Medical care
☐ Disciplinary proceedings   ☐ Property    ☐ Exercise of religion    ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.    **Administrative Remedies:**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?               ☐ Yes    ☐ No
  b.   Did you submit a request for administrative relief on Count I?   ☐ Yes    ☐ No
  c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes    ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
     _____.

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail            ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings    ☐ Property        ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____

_____.

5.   **Administrative Remedies.**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                     ☐ Yes      ☐ No
     b.   Did you submit a request for administrative relief on Count II?        ☐ Yes      ☐ No
     c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes      ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____

_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail                    ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property                ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**

    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                      ☐ Yes      ☐ No

    b.   Did you submit a request for administrative relief on Count III?                    ☐ Yes      ☐ No

    c.   Did you appeal your request for relief on Count III to the highest level?           ☐ Yes      ☐ No

    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____          _____
                                   DATE                                              SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.